RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 27 2017

Abel Acosta, Clerk

86,165-02

John Daniel Brooks #323246
Pack I Unit
2400 Wallace Pack Rd
Navasota ~ Tx 77868

March 23, 2017

RE: Cause No. 330063-A
263rd District Court of
Harris County ~ Tx

Dear Clerk,
   Please file this Motion For Summary Judgement with the Court.

   My reasoning for sending the Court my motion is because the Court (of Criminal Appeals) Ordered the 263rd District to forward my Habeas in a Mandamus.

   At this point it is too late to submit the motion to the Court (263rd, however I did).

Thanking You In Advance

John Daniel Brooks

CAUSE NO. 330063-A

EX PARTE                        §   IN THE 263RD DISTRICT COURT

                                §   OF
JOHN DANIEL BROOKS              §   HARRIS COUNTY, TEXAS

## MOTION FOR SUMMARY JUDGEMENT

Comes now the applicant, JOHN DANIEL BROOKS, in the above styled cause of action and files this MOTION FOR SUMMARY JUDGEMENT and would offer the COURT THE FOLLOWING:

### I.

The APPLICANT FILED THE APPLICATION FOR WRIT OF HABEAS CORPUS ON DECEMBER 15, 2011. The State did not, according to CODE OF CRIMINAL PROCEDURE (CCrP) Art 11.07, sec 7(a), answer in the 180 day period. The State's answer was filed on FEBRUARY 10, 2017, more than four (4) $\frac{1}{2}$ YEARS after their deadline., and was only filed then because the applicant filed a MANDAMUS with the COURT OF CIRMIANL APPEALS. The issues were NEVER DESIGNATED, therefore in denying the allegations the STATE admitted there was no dispute in issues.

When compelled to respond to the writ, by the COURT OF CRIMINAL APPEALS, the State decided to answer ALL THE ALLEGAtions set forth in the application, four and $\frac{1}{2}$ years(feb 10, 2017)after the deadline (12 June 2012) for such answer was due in the court of criminal appeals.

If the State Court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply: MAPLES, V STEGALL, 340, F3d, 433, 436 (6th Cir 2008). THIS IS A PROCEDURAL DEFAULT.

### II.

### NO OPPORTUNITY TO PRESENT A COMPLETE DEFENSE

Please see LUNBERRY v HORNBECK, 605 F3d 754 (CA 9 2010). DUE PROCESS included a right to "A meaningful opportunity to present a complete defense". CRANE V KENTUCKY, 476, US 683 690 [106 St Ct 2142 [1984]. The State, in it's VIOLATION OF CCrP art 11.07 Sec 7(a) denies the paplicant an opportunity to present his complete defense, and in light that his DISCOVERY MOTION was stamped by the clerk but not answered,by the court, denied the opportunity for the applicant to present a complete defense.

THAT CONSTITUTIONAL RIGHT IS VIOLATED by the exclusion of probative admissible evidence(s) that another person may have committed the crime (THE CRIMINOLOGIST REPORT DETAILED THAT TYPE B BLOOD WAS ON THE KNIFE USED TO SECURE THE CONVICTION AND THE COMPLAINANT AND APPLICANT HAVE TYPE A BLOOD).

- 1 -

## III.

In the exact same meaning of FOOTMAN V SINGLETARY, 978, F 2d 1207 (CA 1 1992) pg 1212, the DISTRICT COURT should not place the burden of a habeas petitioner to prove what he alleges in his STATE COURT MOTION for postconviction relief when the STATE (INTETIONALLY DELAYS AND VIOLATES CCrP art 11.07 Sec 7(a))COURT LOSES THE MOTION THROUGH NO FAULT OF THE PETITIONER. THIS application for WRIT OF HABEAS CORPUS WAS DULY AND TIMELY FILED (AFTER THE STATE REOPENED THE CASE IN 2007) AND LAY LOST, OR ON THE DESK AND UNPROCESSED FOR FIVE YEARS AND 2 MONTHS.

## IV.

### VIOLATION OF CCrP ART 11.60- REFUSING TO EXECUTE WRIT

On May 11, 2016, in the 263RD DISTRICT COURT OF HARRIS COUNTY TEXAS, WITH JUDGE JIM WALLACE ON THE BENCH, THE APPLICANTS (DNA) ATTORNEY (CHERI DUNCAN, PUBLIC DEFENDERS OFFICE) AND THE APPLICANT,WITH A COURT REPORTER, THE APPLICANT ASKED JUDGE WALLACE THE FOLLOWING:
JUDGE WALLACE: ....."that concludes this..."
APPLICANT: sir what about my writ of habeas corpus?"
JUDGE WALLACE: I don't know nothin bout no WRIT OF HABEAS CORPUS"
APPLICANT: sir i filed it over 4½ YEARS AGO
JUDGE WALLACE: i aint seen no habeas corpus in this case.

This ARROGANT, UNINTELLEGENT REMARK exemplifies the nature of resentment the applicant has met in this habeas procedding.
THIS IS A VIOLATION OF CCrP ART 11.60 REFUSING TO EXECUTE WRIT...THIS IS A "....WANTON ( 5½YEAR)DELAY...".
JUDGE WALLACE SHOULD BE HELD LIABLE FOR A FINE AS FOR CONTEMPT OV COURT". JUDGE WALLACE ALSO VIOLATED CCrP ART 11.62 REFUSAl TO GIVE A COPY OF PROCESS, BY HAVING THE APPLICANT IÑ "his custody and refusing upon demand, to furnish a copy of the process under which he holds the person, (and) is guilty of an offense, and should be dealt with as provided by art t 11.34 CCrP for refusal to return the writ therin required.

## V.

In light of the fact(s) that the STATE:

1. FAILED TO ANSER IN 120 days
2. NEVER DESIGNATED THE ISSUES TO BE RESOLVED
3. (WHEN COMPELLED BY MANDAMUS) ANSWERED AND DENIED ALL ALLEGATIONS

THIS COURT SHOULD ENTER SUMMARY JUDGEMENT IN FAVOR OF THE APPLICANT.

## PRAYER

Wherefor applicant prays this COURT will enter SUMMARY JUDGEMENT AND COMPELL THE DEFENDANTS TO DISMISS THIS CASE AND ORDER HIS RELEASE FROM PRISON.

SIGNED THIS ___23rd___ day of ___March___ 2017

_____
JOHN DANIEL BROOKS
WALLACE PACK UNIT
2400 WALLACE PACK ROAD
NAVASOTA, TEXAS    77868


## INMATE DECLARATION

I, JOHN DANEIL BROOKS, DO DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TOTHE BEST OF MY KNOW-LEDGE.

SIGNED THIS ___23rd___ day of ___March___ 2017

_____
JOHN DANIEL BROOKS
WALLACE PACK UNIT
2400 WALLACE PACK ROAD
NAVASOTA, TEXAS    77868


## certificate of service

THE FOREGOING INSTRUMENT WAS PALCED IN THE US MAIL ADDRESSED TO THE FOLLOWONG:

COURT OF CRIMINAL APPEALS
PO BOX 12308
CAPITOL STATION,
AUSTIN, TEXAS   78711

CHRIS DANIEL
HARRIS COUNTY DISTRICT CLERK
PO BOX 4651
HOUSTON, TEXAS   77210-4651

SIGNED THIS ___23rd___ day of ___March___ 2017

_____
JOHN DANIEL BROOKS

- 3 -

CAUSE NO 330063-A

EX PARTE ·                          §   IN THE 263RD DISTRICT COURT

                                    §   OF

JOHN DANIEL BROOKS,                 §   HARRIS COUNTY, TEXAS
      APPLICANT


                          O R D E R


      THIS COURT ORDERS THAT THE APPLICANT'S MOTION FOR SUM-
MARY JUDGEMENT BE GRANTED.




SIGNED THIS _____DAY OF_____20_____




                          _____
                               JUDGE PRESIDING




                          - 4 -